IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-67-TAV-HBG |
| BENJAMIN D. LAWS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant Benjamin Laws's Motion to Continue Trial [Doc. 11], filed on June 29, 2021. The Defendant asks the Court to continue the July 27, 2021 trial date, because counsel needs additional time to complete his investigation of the facts of the case, to confer with the Defendant, and to consider filing pretrial motions. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of November 9, 2021.

The Court finds Defendant Laws's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to investigate factual and legal matters, to file pretrial motions, and to confer with the Defendant on the best resolution of the case. The Court finds that these pretrial preparations cannot be concluded by the July 27 trial date or in less than three months. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding

with due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 11**] is **GRANTED**.  The trial of this case is reset to **November 9, 2021**.  The Court finds that all the time between the filing of the motion on June 29, 2021, and the new trial date of November 9, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Laws's Motion to Continue Trial [**Doc. 11**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 9, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **June 29, 2021**, and the new trial date of **November 9, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **August 9, 2021**. Responses are due on or before **August 23, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 8, 2021**;

(6) The deadline for filing motions *in limine* is also **October 25, 2021**;

(7) The parties are to appear before the undersigned on **October 26, 2021, at 11:30 a.m.**, for a final pretrial conference; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **October 29, 2021**.

    **IT IS SO ORDERED.**
                  ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge